# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEVERTY & ASSOCIATES LAW CHTD., | Case No. 3:17-CV-0175-MMD (VPC) |
| Plaintiff, | **ORDER** |
| v. | |
| RAY WARREN EXLEY, | |
| Defendant. | |
| _____ | |
| AND RELATED COUNTERCLAIM. | |

Before the court is the motion of Leverty & Associates Law, Chtd., plaintiff/counter-defendants ("Leverty") for sanctions (ECF No. 55). The motion for sanctions was consolidated with Leverty's motion to enforce settlement agreement. (*Id.*) Ray W. Exley, defendant and cross-claimant opposed ("Exley") (ECF No. 62), and Leverty replied (ECF No. 65). This court issued a separate report and recommendation concerning Leverty's motion to enforce settlement agreement (ECF No. 92). The report and recommendation was filed under seal; however, this order is not sealed because it does not discuss terms of the settlement agreement.

Leverty seeks sanctions against Exley for alleged abuses of conduct this case pursuant to the court's inherent power. *Chambers v. Nasco, Inc.,* 501 U.S. 32, 43-45 (1991). Inherent power sanctions may be imposed against attorneys, clients and *pro se* litigants. *Alyeksa Pipeline Serv. Co. v. Wilderness Soc'y.,* 421 U.S. 240, 258-59 (1975) (holding that sanctions are appropriate against any party acting in bad faith, wantonly, or vexatiously); *F.D. Rich v. United States ex rel. Indus. Lumber Co.,* 417 U.S. 116, 129 (1974) ("We have long recognized that attorneys' fees may be awarded to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons..."). Exley's opposition is silent with regard to the motion for sanctions

(ECF No. 62), which is deemed a non-opposition to the motion.  *See* Local Rule LR 7-2(d).  It is not lost on this court that were it to grant the motion for sanctions because Exley failed to oppose it, Exley would take the position that, as a *pro se* party, he did not fully understand that his silence on this issue would be deemed non-opposition to the motion.[1]

In order to allow both parties to fully brief the question whether sanctions against Exley are warranted based upon the courts inherent power, the court denies Leverty's motion for sanctions without prejudice with leave to re-file the motion.  Leverty shall have leave to file a renewed motion for sanctions under the court's inherent power, including proposed findings of fact and conclusions of law, no later than thirty days from the date of this order.  Pursuant to Local Rule LR 7-2, Exley has leave to oppose the motion, and Leverty may reply.  If the parties discuss terms of the settlement agreement in their renewed motions or response, they shall seek leave to file the documents under seal.

**IT IS SO ORDERED.**

DATED:  March 19, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that Exley hired and fired two lawyers during the course of this case.  In addition, Mr. Exley freely admitted on the record that his wife, Ms. Loza Exley, a retired British and Mexican lawyer, assisted in him research and writing in this case.  The court notes that Ms. Loza is not licensed to practice law in any jurisdiction in the United States.