UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEVERTY & ASSOCIATES LAW CHTD, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAY WARREN EXLEY, an individual,<br><br>Defendant.<br>———————————————————<br>RAY WARREN EXLEY, an individual,<br><br>Counter-Plaintiff,<br><br>v.<br><br>LEVERY & ASSOCIATES LAW CHTD, a Nevada Corporation,<br><br>Counter-Defendants. | Case No. 3:17-cv-00175-MMD-WGC<br><br>**ORDER**<br><br>Re: ECF No. 130 |

Before the court is a Request to File Sealed Document by Leverty & Associates Law CHTD (Leverty). (ECF No. 130.) No response was filed by Ray Warren Exley (Exley).

In this motion, Leverty seeks to seal a portion of a transcript filed as an exhibit to the reply brief in support of Leverty's motion to strike Exley's request for judicial notice. The portion of the transcript comes from a February 21, 2018 hearing on Leverty's motion to enforce the settlement agreement, which was itself sealed. Leverty acknowledges that the excerpt contained in the exhibit is not confidential itself, but Leverty seeks to seal it because it is part of a sealed transcript.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access

to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Court-D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *See Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Nixon*, 435 U.S. at 598-99).

*Center for Auto Safety* described the good cause standard, on the other hand, as the exception to public access that had been applied to "sealed materials attached to a discovery motion

unrelated to the merits of a case." *Id*. (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213-14 (9th Cir. 2002)). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. (citing Fed. R. Civ. P. 26(c)).

The Ninth Circuit has clarified that the key in determining which standard to apply in assessing a motion for leave to file a document under seal is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Here, Leverty seeks to file a document under seal that contains an excerpt from a transcript of a hearing on a motion to enforce the settlement agreement. The document is filed in connection with a reply brief in support of Leverty's motion to strike a request for judicial notice filed by the opposing party. This motion is not related to the merits of the case. Therefore, the good cause standard applies. Regardless, the court finds that neither compelling reasons nor good cause would support sealing this excerpt because the excerpt does not contain any information that should be kept confidential.

While the sealing of a document containing confidential settlement communications is justified[1], this excerpt (taken from a transcript that was sealed because it did address confidential settlement communications) does not discuss any confidential settlement communications. As such, there are no grounds for sealing the document.

*///*

*///*

*///*

*///*

---

[1] Local Rule 16-5 provides that the court's ADR process is confidential, and confidential dispute-resolution communications that reveal the parties' dispute-resolution positions or the presiding judge's advice or opinions are not admissible in any subsequent proceeding. The court may, however, order disclosure of confidential information when there is a dispute to enforce a settlement agreement.

Therefore, the motion to seal the exhibit (ECF No. 130) is **DENIED**, and the Clerk shall **UNSEAL** EFC No. 131-1.

**IT IS SO ORDERED.**

DATED: October 5, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE