UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEVERTY & ASSOCIATES LAW CHTD, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAY WARREN EXLEY, an individual,<br><br>Defendant.<br><br>RAY WARREN EXLEY, an individual,<br><br>Counter-Plaintiff,<br><br>v.<br><br>LEVERY & ASSOCIATES LAW CHTD, a Nevada Corporation,<br><br>Counter-Defendants. | Case No. 3:17-cv-00175-MMD-WGC<br><br>**ORDER**<br><br>Re: ECF Nos. 122, 125 |

Before the court is Defendant/Counter-Plaintiff Ray Warren Exley's (Exley) Request for Judicial Notice in Relation to Leverty's Motion for Sanctions. (ECF No. 122.) Plaintiff/Counter-Defendant Leverty & Associates Law CHTD (Leverty) filed a Motion to Strike the Request for Judicial Notice. (ECF No. 125.) Exley opposed the motion to strike. (ECF Nos. 127, 127-1 to 127-4.) Leverty filed a reply brief in support of the motion to strike. (ECF No. 129.)

## **I. BACKGROUND**

On June 18, 2018, Exley filed a Request for Judicial Notice in Relation to Leverty's Motion for Sanctions. (ECF No. 122.)

By way of background, the court enforced a settlement against Exley in this matter and Leverty was permitted to request sanctions against Exley due to his conduct throughout this litigation. Leverty did so, and Exley, as he has done numerous times throughout this litigation, failed to timely respond to this critical motion.

After an appearance was made by Exley's fourth attorney in this case, counsel filed a request for judicial notice pursuant to Federal Rule of Evidence 201, asking the court to take judicial notice of a case decided by the Nevada Supreme Court, *Dezzani v. Kern*, 412 P.3d 56 (Nev. 2018). (ECF No. 122.) The request for judicial notice asserts that the court should take judicial notice of the Nevada Supreme Court's opinion because it is legal authority adverse to the position taken by Leverty in the motion for sanctions. (*Id.*)

Leverty has moved to strike the request for judicial notice. Leverty argues that the Nevada Supreme Court case is not an "adjudicative fact" of which the court can take judicial notice pursuant to Federal Rule of Evidence 201. In addition, Leverty argues that Exley improperly raises arguments in opposition to the motion for sanctions when he failed to file a timely response to that motion. Finally, Leverty argues that even if it were proper for the court to take judicial notice of *Dezzani*, it is not applicable here.

In his response to the motion to strike, Exley argues that the motion for sanctions is really a motion for attorney's fees, and *Dezzani* holds that in Nevada, a law firm representing itself is not entitled to recover its attorney's fees. Exley goes on to assert that the court may take judicial notice of another court's opinion, and that *Dezzani* does apply to the motion for sanctions.

In the reply brief, Leverty reiterates that the request for judicial notice is improper, and Exley is improperly raising arguments that should have been raised in a response to the motion for sanctions.

## **II. DISCUSSION**

The court will first address the propriety of the request for judicial notice, and then the request that it be stricken.

Under Federal Rule of Evidence 201, "a court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted). Specifically, Federal Rule of Evidence 201 governs "judicial notice of an adjudicative fact[.]" Fed. R. Evid. 201(a). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Fed. R. Evid. 201(b)(1)-(2). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

To clarify, the court may take judicial notice of the *fact* of a public record, such as another court's opinion, but "'not for the truth of the facts recited therein, but [instead only] for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Lee*, 250 F.3d at 690 (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3rd Cir. 1999)).

The court will take judicial notice simply of the *existence* of the Nevada Supreme Court's opinion, and will not strike the request; however, the court will **not** consider the argument asserted by Exley in connection with the request for judicial notice, in both the request itself, and in Exley's response to the motion to strike, as the court finds that Exley's counsel is merely trying to create an end-run around Exley's failure to timely oppose the motion for sanctions. While the court appreciates that the failure to timely oppose the motion occurred before counsel entered an appearance, the court will not countenance what has been Mr. Exley's modus operandi throughout this litigation.

As such, Exley's request for judicial notice (ECF No. 122) is **GRANTED**, and the motion to strike the request is **DENIED AS MOOT** (ECF No. 125).

**IT IS SO ORDERED.**

DATED: October 5, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE