UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEVERTY & ASSOCIATES LAW CHTD, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAY WARREN EXLEY, an individual,<br><br>Defendant.<br><br>RAY WARREN EXLEY, an individual,<br><br>Counter-Plaintiff,<br><br>v.<br><br>LEVERY & ASSOCIATES LAW CHTD, a Nevada Corporation,<br><br>Counter-Defendant. | Case No. 3:17-cv-000175-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**<br><br>Re: ECF No. 120 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendant/Counter-Plaintiff Ray Warren Exley's (Exley) Emergency Motion to Expunge Lis Pendens. (ECF Nos. 120, 120-1 to 120-5.) Plaintiff/Counter-Defendant Leverty & Associates Law CHTD (Leverty) filed a response. (ECF Nos. 126, 126-1.) Exley filed a reply. (ECF Nos. 128, 128-1 to 128-3.)

After a thorough review, the court recommends that Exley's motion be granted.

## I. BACKGROUND

The action stems from Leverty's previous representation of Exley related to a dispute Exley had with his ex-wife concerning real property located at 429 Panorama Drive, Stateline, Nevada (Stateline property). (*See* ECF No. 1 at 8.) In April of 2014, Exley and Leverty entered

1  into an agreement for legal services, and Leverty provided legal services to Exley concerning
2  this dispute from April 2014 through February of 2017. (*Id*.) Specifically, Leverty filed a
3  complaint on behalf of Exley and against Exley's ex-wife, Lois M. O'Brien, in Douglas County,
4  Nevada. (*Id*. at 9.) Leverty filed a motion for summary judgment on behalf of Exley in that
5  action, which was granted by the State court, and declared Exley to have 100 percent ownership
6  of the property. (*Id*.) This was followed by a one-day trial concerning whether O'Brien was
7  entitled to any offset. (*Id*.) Leverty also represented Exley at the trial. (*Id*.) On January 26, 2017,
8  the State court granted Exley's motion for judgment as a matter of law, ruling in favor of Exley
9  as to the offset issue. (*Id*.)

10  Following this success, on January 31, 2017, Leverty provided Exley with updated
11  itemized billing statements (statements had been sent from April 2014 through January 2017).
12  (*Id*. at 9-10.) Exley failed to remit payment for the amount due. (*Id*. at 10.) On February 1, 2017,
13  Leverty filed a notice of lien for attorney's fees against the Stateline property. (*See* ECF No. 120-
14  3 at 6:24.) Leverty subsequently filed a motion to adjudicate its rights and enforce the lien for
15  attorney's fees in Douglas County. (ECF No. 120-3 at 2-14.)

16  On February 14, 2017, Leverty filed this action for the failure to pay the amount due
17  under the legal services agreement ($151,226.76 was due at the time the complaint was filed).
18  (ECF No. 1 at 6, 10.) The complaint has claims for breach of contract, quantum meruit/unjust
19  enrichment/account stated, interpleader, and declaratory relief. The interpleader claim alleged
20  that in the underlying litigation Leverty came into possession of a quit claim deed regarding
21  ownership of the property, and Leverty filed an attorney's lien on the property. (*Id*. at 11-12.)
22  Leverty alleged, on information and belief, that Exley intended to transfer the property upon
23  receipt of the deed in a manner to improperly invalidate the attorney's lien and evade payment of
24  the fees owed. (*Id*. at 12.)

25  Exley answered the complaint and filed a counter claim and removed the action to federal
26  court on March 22, 2017. (ECF No. 1.) The action was initially assigned to District Judge
27  Miranda M. Du and Magistrate Judge Valerie P. Cooke.
28  The parties participated in a settlement conference before Judge Cooke on July 27, 2017.

1  (ECF No. 46.) The parties reached a settlement; the essential terms were put on the record; and,
2  the parties were to file a stipulation for dismissal with prejudice by December 1, 2017. (*Id*.)
3  Exley's then-counsel, Richard J. McGuffin, who had represented Exley at the settlement
4  conference and with respect to the negotiations over the written agreement, withdrew from the
5  case. Exley then refused to sign the written agreement.

6  Leverty filed a motion to enforce the settlement agreement. (ECF No. 55.) Judge Cooke
7  held a hearing on the motion on February 21, 2018. (ECF No. 88.) Following the hearing, Judge
8  Cooke recommended that the motion to enforce the settlement be granted. (ECF No. 92.)

9  Exley apparently quitclaimed the Stateline property to Athena Medical Group Defined
10 Contribution Pension Plan and Trust Number Three the following day. (ECF No. 120-5.) Exley
11 said this was required to avoid major tax implications if he defaulted on a loan he had received
12 from the retirement trust for the purchase of the Stateline property in 1987, which retained a deed
13 of trust against the Stateline property. (*See* ECF No. 128-2.)[1]

14 The motion to enforce the settlement also contained a request for sanctions against Exley
15 concerning his conduct throughout the litigation. (ECF No. 55.) Exley's response to the motion
16 did not address the sanctions request. Magistrate Judge Cooke denied the request for sanctions
17 without prejudice, giving Leverty leave to file a renewed motion for sanctions under the court's
18 inherent power, permitting Exley to file a responsive brief, and Leverty a reply brief. (ECF No.
19 93.) Leverty filed its motion for sanctions on April 18, 2018. (ECF Nos. 97, 97-1 to 97-6, 98-1.)
20 Exley again failed to file a timely response.

21 On May 9, 2018, Leverty filed a notice of lis pendens. (ECF No. 100.) Two days later,
22 District Judge Du adopted and accepted Judge Cooke's report and recommendation; enforced the
23 settlement against Exley; and, entered judgment and dismissal of the case with prejudice
24 pursuant to the terms of the settlement agreement. (ECF No. 102.)

25 On May 22, 2018, Exley filed a motion to expunge the lis pendens. (ECF No. 109.)

---

27 [1] Exley explains that he anticipated re-paying the loan as required by ERISA and IRS
regulations from proceeds of a sale or new mortgage on the Stateline property, but this required
28 payment before March 1, 2018. (ECF No. 120 at 8; Exley Decl., ECF No. 120-1 ¶ 5.) Exley
maintains that if this payment was not made, they would have foreclosed on the loan making it a
deemed distribution against Exley, which would have resulted in the significant tax burden. (*Id*.)

1  While the motion was filed pro se, a parenthetical following the electronic signature line
2  indicated it was drafted with the assistance of Day R. Williams, Esq. (*Id.* at 8.) Judge Cooke
3  entered an order, that was sent to Mr. Williams, giving him until May 25, 2018, to file a
4  substitution of counsel. (ECF No. 110.) Mr. Williams filed the substitution. (ECF No. 111.)
5  Judge Cooke ordered the motion to expunge the lis pendens stricken, with leave to re-file it,
6  since it had been drafted by Mr. Williams before he had made an appearance in the case. (ECF
7  No. 114.) The very next day, Mr. Williams filed a motion to withdraw, which was granted by
8  Judge Cooke. (ECF Nos. 115, 116.)

9  Approximately two weeks later, a notice of association of counsel was filed indicating an
10 appearance on behalf of Exley by Nathan J. Aman, Esq., Stephanie K. Funk, Esq., and Jeremy B.
11 Clarke, Esq., on the law firm Fahrendorf, Viloria & Oster L.L.P. (ECF No. 119.) Exley's new
12 counsel concurrently filed this emergency motion to expunge the lis pendens. (ECF Nos. 120,
13 120-1 to 120-5.) Jeremey B. Clarke, Esq., is Judge Cooke's nephew; therefore, she had to recuse
14 from this action, and the case was reassigned to the undersigned as magistrate judge. (ECF Nos.
15 123, 124.)

16 Following the completion of briefing, on August 1, 2018, District Judge Du referred the
17 sanctions motion and motion to expunge lis pendens to the undersigned. (ECF No. 132.) The
18 court issues this report and recommendation on the emergency motion to expunge lis pendens. A
19 separate report and recommendation will issue with respect to the motion for sanctions.

20 **II. DISCUSSION**

21 Exley acknowledges that following Leverty's success in litigating the underlying action
22 and establishing Exley as the owner of the Stateline property, there was a breakdown in the
23 relationship and a dispute over fees owed. (ECF No. 120 at 3.) Exley likewise acknowledges
24 Leverty obtained an attorney's lien on the Stateline property, and subsequently recorded and
25 filed a notice of lis pendens in this action. (*Id.*) Exley argues that the lis pendens should be
26 expunged because: (1) this is not an action for the foreclosure of a mortgage and does not affect
27 the title or possession of the property; (2) while a lis pendens may be used where there is an
28 allegation of fraudulent transfer, Leverty has not demonstrated actionable fraud; (3) Exley is no

1  longer the owner of the property, as it was surrendered in lieu of foreclosure; and (4) a notice of
2  lis pendens may be recorded with respect to an action *pending* in the United States District Court
3  for the district of Nevada, but Judge Du enforced the settlement and dismissed the case with
4  prejudice on May 11, 2018. Leverty argues: (1) the lis pendens is proper because of Exley's
5  fraudulent transfer of the property; (2) the only reason Exley does not now own the property is
6  because of the fraudulent transfer.

7  The court concludes that the lis pendens should be expunged because this is not an action
8  affecting the title or possession of real property, and because Judge Du dismissed the action with
9  prejudice.

10  Federal courts look to state law regarding matters pertaining to lis pendens. *See* 28 U.S.C.
11  § 1964. Nevada Revised Statute (NRS) 14.010 provides for the recording of "a notice of the
12  pendency of the action" when there is "an action for the foreclosure of a mortgage upon real
13  property, or affecting the title or possession of real property[.]" NRS 14.010(1). The same
14  procedure may be used when an action affecting real property is pending in the United States
15  District Court for the District of Nevada. NRS 14.010(2).

16  Once a party records a notice of lis pendens, a defendant may move for expungement
17  pursuant to NRS 14.015.

18  This is clearly not an action for the foreclosure of a mortgage, but the parties present
19  interesting arguments regarding whether this action is one affecting the title or possession of real
20  property.

21  The Nevada Supreme Court has ruled that a lis pendens is an inappropriate vehicle to
22  recover personal or money judgments; instead, "[t]here must be some claim of entitlement to the
23  real property affected by the lis pendens[.]" *Levinson v. Eighth Judicial District Court*, 857 P.2d
24  18, 21, 109 Nev. 747, 752 (1993); *see also Weddell v. H2O, Inc.,* 271 P.3d 743, 751, 128 Nev.
25  94, 106 (2012).

26  *Levinson* involved a complaint made by a woman who was a patron of a stable and was
27  injured while riding one of the stable's horses. The stable itself did not maintain liability
28  insurance. She filed her initial complaint against the stable for personal injuries sustained from

- 5 -

1  her fall. Judgment was entered in her favor, and she claimed that the shareholders in the stable
2  venture were improperly transferring various properties to avoid payment of the judgment. She
3  moved to amend her complaint to allege that the shareholders were the alter ego of the judgment
4  debtor. The district court allowed her to first conduct discovery to determine if she could prove
5  alter ego before it would permit amendment. Unsatisfied with this outcome, she filed a new
6  action naming the new stable corporation, the shareholders, their children and several trusts, and
7  alleged alter ego, fraudulent conveyance and constructive trust. In addition, she filed a notice of
8  lis pendens, which the defendants subsequently moved to expunge. The district court denied the
9  motion, and the defendants took a writ to the Nevada Supreme Court.

10  It was in this context that the Nevada Supreme Court announced the general proposition
11  that "lis pendens are not appropriate instruments for use in promoting recoveries in actions for
12  personal or money judgments; rather, their office is to prevent the transfer or loss of real
13  property which is the subject of dispute in the action that provides the basis for the lis pendens."
14  *Levinson*, 857 P.2d at 20 (citations omitted). The Nevada Supreme Court pointed out the harm
15  that may befall a party if a lis pendens is improperly utilized: "a lis pendens may cause
16  substantial hardship to the property owner before relief can be obtained." *Id.* (quoting *Burger v.*
17  *Superior Court of Santa Clara County*, 151 Cal.App.3d 1013,199 Cal. Rptr. 227, 230 (1984)).
18  *Burger* aptly noted that an "[o]verbroad definition of 'an action … affecting the title or the right
19  of possession of real property' would invite abuse of lis pendens." *Id*.

20  *Levinson* concluded that the action was not one "affecting the title or possession of real
21  property" as was contemplated by Nevada's lis pendens statute. *Levinson*, 857 P.2d at 21. The
22  Nevada Supreme Court noted that the respondent had presented relevant case authority for the
23  proposition that "lis pendens may apply to actions designed to avoid conveyances or transfers in
24  fraud of creditors," but she had not adequately demonstrated "actionable fraud." *Id*. The Nevada
25  Supreme Court commented that even if her claim that the property was the only asset that would
26  satisfy her judgment were true, that "would not support the relief she seeks by invoking the lis
27  pendens statute." *Id*. The Court stressed that to invoke the lis pendens statute, "[t]here must be
28  some claim of entitlement to the real property affected by the lis pendens[.]" *Id*.

1    The court agrees that this is not an action that directly affects real property. It is an action
2    to recover attorney's fees that went unpaid following Leverty's successful representation of
3    Exley regarding the ownership of the Stateline property. While Leverty included an interpleader
4    claim, Leverty alleged that it merely "came into possession" of the quitclaim deed in the context
5    of representing Exley in the underlying State court litigation. The quitclaim deed was signed
6    over to Exley pursuant to the State court's order at the conclusion of the litigation. Leverty did
7    not (and does not contend) that it had any ownership interest in the Stateline property. Leverty
8    has indicated several times in this litigation that it attempted to have Exley execute a deed of
9    trust against the Stateline property in Leverty's failure, but Exley declined. It is undisputed that
10   Leverty recorded an attorney's lien against the Stateline property, but that lien exists regardless
11   of that litigation, and Leverty does not seek to enforce the lien in this action. In fact, Leverty
12   filed a separate motion to enforce its rights under that lien in State court.

13   The parties seem to agree that a lis pendens may be appropriate if actual fraud is
14   demonstrated vis-à-vis the transfer of the Stateline property from Exley to the ERISA plan, but
15   Leverty proceeds with this argument while seemingly ignoring the prerequisite that *this* action
16   must be one affecting title or possession of property. Even if this action could be construed as
17   one affecting the title or possession of property, the parties disagree, of course, on whether
18   actionable fraud has been demonstrated. The parties' arguments on this issue raise many
19   questions about the propriety of the transfer from Exley to the plan, but the court is not
20   convinced it has enough evidence before it to conclude Leverty has demonstrated actionable
21   fraud.

22   In any event, the court need not conclusively address those arguments because this action
23   is no longer pending. On May 11, 2018, Judge Du entered an order adopting Magistrate Judge
24   Cooke's report and recommendation, and ordered that this action was dismissed with prejudice.
25   (ECF No. 102.) The lis pendens, by statute, is "a notice of the pendency of the action[.]" NRS
26   14.010(1). "The doctrine of lis pendens provides constructive notice to the world that a dispute
27   involving real property is *ongoing*." *Weddell,* 271 P.3d at 751 (emphasis added). As District
28   Judge Dorsey put it: "A notice of lis pendens is literally a notice of a pending lawsuit affecting

real property." *Pettit v. Federal Nat. Mortg. Ass'n*, No. 2:11-cv-00149-JAD-PAL, 2014 WL 584876, at * 6 (D. Nev. Feb. 11, 2014). "When the underlying litigation concludes, the need for the notice—and justification for the cloud on title—evaporates." *Id.* (granting motion to expunge notice of lis pendens when court dismissed the action); *see also Wensley v. First Nat. Bank of Nevada,* 874 F.Supp.2d 957 (D. Nev. 2012) (granting the request to expunge the lis pendens concurrent with order dismissing the action); *McKinnon v. IndyMac Bank F.S.B.*, No. 2:11-cv-00607-KJD-GWF, 2012 WL 194426, at * 5 (D. Nev. Jan. 23, 2012) (granting motion to expunge lis pendens because the court was dismissing the action); *accord American Town Center v. Hall 83 Associates,* 912 F.2d 104, 110 (6th Cir. 1990) ("With the complaint dismissed, the notices of lis pendens no longer served any purpose.").

With the dismissal of this action with prejudice, the notice of lis pendens no longer serves its purpose, and it should be expunged for this additional reason. Notably, Leverty never addressed Exley's argument that dismissal of the action requires expungement of the lis pendens.

### III. RECOMMENDATION

It is hereby recommended that the District Judge enter an order **GRANTING** Exley's motion to expunge lis pendens (ECF No. 120). Leverty should be ordered to record a copy of the order expunging the lis pendens in the county where the notice of lis pendens was recorded.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: October 12, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE