1

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

DISTRICT OF NEVADA

8

\* \* \*

9

LEVERTY & ASSOCIATES LAW CHTD.,

Case No. 3:17-cv-00175-MMD-WGC

10

Plaintiff,

ORDER

v.

11

RAY WARREN EXLEY,

12

Defendant.

13

14

**I.      SUMMARY**

15

The Court previously determined that the parties have entered into a binding

16

settlement agreement pursuant to the terms of a draft settlement agreement ("Settlement

17

Agreement") attached to United States Magistrate Judge Valerie P. Cooke's Report and

18

Recommendation (ECF No. 92-1). (ECF No. 102 at 2.) In that order ("Dismissal Order"),

19

the Court dismissed this case with prejudice pursuant to the terms of the Settlement

20

Agreement. (*Id.* at 3.) The Dismissal Order did not lead to finality in this case as is

21

evidenced by the filings since then. The Court will address the remaining pending

22

matters: (1) United States Magistrate Judge William C. Cobb's Report and

23

Recommendation ("R&R Regarding Lis Pendens") (ECF No. 135) relating to Defendant's

24

emergency motion to expunge lis pendens (ECF No. 120); (2) Judge Cobb's Report and

25

Recommendation ("R&R Regarding Sanctions") (ECF No. 137) relating to Plaintiff's

26

motions for sanctions (ECF Nos. 97, 117); and (3) Plaintiff's motion for entry of judgment

27

(ECF No. 141). The Court adopts both R&Rs and grants Plaintiff's motion for entry of

28

judgment.

## II.    RELEVANT BACKGROUND

The Court adopts the thorough description of the parties' dispute detailed in the R&R Regarding Sanctions.[1] (ECF No. 137 at 3-14.)

## III.    LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In light of Plaintiff's objections to the Magistrate Judge's R&Rs, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&Rs. Upon reviewing the R&Rs and records in this case, this Court finds good cause to adopt the Magistrate Judge's R&Rs in full.

---

[1]Defendant objects to the R&R Regarding Sanctions but only to the portion determining that sanctions in the form of attorney's fees may be awarded to a law firm representing itself. (*See generally* ECF No. 139.)

1    **IV.    R&R REGARDING LIS PENDENS (ECF NO. 135)**

2         Judge Cobb recommended granting Defendant's emergency motion to expunge

3    lis pendens (ECF No. 120) for two reasons: (1) "this is not an action affecting title or

4    possession of real property" and (2) this Court "dismissed the action with prejudice."

5    (ECF No. 135 at 5-8.) The Court agrees with Judge Cobb's reasoning and will adopt his

6    recommendation to grant Defendant's motion.

7         Plaintiff asserts that Judge Cobb failed to address the threshold argument that

8    Defendant lacks standing to seek expungement of the lis pendens when Defendant has

9    claimed he no longer owns the property at issue. (ECF No. 136 at 3.) However, Plaintiff

10   filed the notice of lis pendens to provide notice of the pendency of this action, and if

11   Defendant lacks standing to challenge the notice, then it is not clear who has standing.

12   Moreover, if Defendant is not the proper party to challenge the notice, then the Court

13   must conclude that the notice was filed improperly because the notice relates to this

14   action, which does not involve the purported current owner of the property. In sum, the

15   Court agrees with Defendant that Plaintiff cannot have it both ways—either the notice of

16   lis pendens was improper or Defendant has the right to challenge it.

17        Plaintiff insists that Defendant's fraudulent conduct—in transferring the property,

18   in entering into the settlement agreement without any intent to comply with its terms, and

19   in agreeing to allow for a judgment lien on the property as part of the settlement—

20   supports its recording of the notice of lis pendens. (*Id.* at 4-7.) However, the Court

21   agrees with Judge Cobb that Plaintiff's arguments as to fraud ignore "the prerequisite

22   that *this* action must be one affecting title or possession of property." (ECF No. 135 at 7.)

23   NRS § 14.010(1) provides, in pertinent part, that in an action "affecting the title or

24   possession of real property, the plaintiff, at the time of filing the complaint . . . shall

25   record . . . a notice of the pendency of the action."[2] Thus, the disputed action must affect

26

27        [2]NRS § 14.010(2) provides that "[a] notice of an action affecting real property,
     which is pending in any United States District Court for the District of Nevada may be
28   recorded and indexed in the same manner and in the same place as provided with
     respect to actions pending in courts of this state.

1 title or possession of property before a notice of lis pendens may be recorded. Here,

2 Judge Cobb correctly found that the action does not affect title or possession to real

3 property. Moreover, the action is not transformed into a dispute affecting title or

4 possession to property simply because the settlement agreement provides for a

5 judgment lien on the property.

6 Judge Cobb also found that the notice of lis pendens should also be expunged on

7 the additional basis that this Court dismissed this action with prejudice pursuant to the

8 terms of the Settlement Agreement. (ECF No. 135 at 8.) Plaintiff argues that the

9 Settlement Agreement provides for dismissal "once Exley makes the payments under

10 the terms of the settlement agreement." (ECF No. 136 at 7.) However, Plaintiff did not

11 seek reconsideration of the Court's Dismissal Order on the ground that it was contrary to

12 the terms of the Settlement Agreement.[3] Accordingly, Judge Cobb correctly found that

13 the Court's Dismissal Order dismissing this action with prejudice means "the notice of lis

14 pendens no longer serves its purpose, and it should be expunged for this additional

15 reason." (ECF No. 135 at 8.)

16 In sum, the Court overrules Plaintiff's objection (ECF No. 136), adopts Judge

17 Cobb's R&R Regarding Lis Pendens (ECF No. 135), and grants Defendant's motion to

18 expunge the lis pendens.

19 **V.    R&R REGARDING SANCTIONS (ECF NO. 137)**

20 Judge Cobb recommended that the Court deny Plaintiff's request for Rule 11

21 sanctions but grant Plaintiff's request for sanctions under the Court's inherent authority.

22 (ECF No. 137 at 14-20.) Judge Cobb found that even though Plaintiff is represented by

23 another attorney in Plaintiff's law firm, an award of attorney's fees is warranted in this

24

25 [3]Nevertheless, in light of Plaintiff's argument as to dismissal, this Court has *sua sponte* reviewed the Dismissal Order and determines that this action should not have
26 been dismissed before specific entry of judgment because—as Plaintiff correctly points out—the Settlement Agreement provides for dismissal upon both execution of the
27 Settlement Agreement and receipt of the amount provided for under the Settlement Agreement. (ECF No. 92-1 at ¶ 3.) The Court found it prudent to direct dismissal instead
28 of directing the parties to jointly file a stipulation for dismissal in light of Defendant's opposition to settlement.

1  case. (*Id.*) Still, Judge Cobb recommended reducing the fees requested to those that

2  have a causal connection to sanctionable conduct. (*Id.* at 20-31.) Defendant's objection

3  challenges only Judge Cobb's finding that the Court may award attorney's fees to a law

4  firm representing itself under the Court's inherent authority when Nevada law purportedly

5  prohibits the award of fees in these circumstances. (*See* generally ECF No. 139.)

6  Defendant does not object to Judge Cobb's factual findings—that Defendant engaged in

7  sanctionable conduct, that the fees Judge Cobb recommended imposing are causally

8  connected to such conduct and are reasonable, and that the proper amount of sanctions

9  is $45,045. (*Id.*; *see also* ECF No. 137 at 31-41.) The Court agrees with Judge Cobb and

10  will only address Defendant's objection as to the legal determination that an award of

11  fees to a law firm representing itself is appropriate under the Court's inherent authority.

12  Defendant argues that Nevada law prohibits the award of attorney's fees to

13  attorneys representing themselves or their law firm, relying primarily on *Dezzani v. Kern*

14  *& Assocs., Ltd.*, 412 P.3d 56 (Nev.), *reh'g denied* (Apr. 27, 2018).[4] There, the owners of

15  a condo within a homeowners association ("HOA") sued the HOA's attorney and a board

16  member, alleging that the HOA's attorney retaliated against the owners when the owners

17  requested that the HOA retain a new attorney. *Id.* at 58. The trial court dismissed the

18  claim against the HOA's attorney and awarded fees and costs to the attorney under NRS

19  § 18.010(2)(b) and Nev. R. Civ. P. 11, finding that the owners' claim was intended to

20  harass the HOA attorney. *Id.* The Nevada Supreme Court held that the trial court erred in

21  awarding fees to the HOA attorney because attorneys do not actually incur fees when

22  they represent themselves or their law firms. *Id.* at 63.

23  Plaintiff argues that *Dezzani* is inapplicable because the fees in that cases were

24  awarded under NRS § 18.010—not the Court's inherent authority. (ECF No. 140 at 3.)

25  ///

26  　　　[4]Defendant also seems to argue that an award of fees is improper under Rule 11
27  (*see* ECF No. 139 at 5-8), but Judge Cobb expressly found that sanctions are not
appropriate under Rule 11 (ECF No. 137 at 14-15). Moreover, the requirements of Rule
28  11 do not apply when the Court sanctions conduct under its inherent authority. These
are distinct sources of sanction authority.

1  Plaintiff also argues that federal law—unlike Nevada law—does not bar attorneys from

2  receiving fees for work representing their law firm. (*Id.*)

3       The Court agrees with Plaintiff. *Dezanni* was based on an award of fees under

4  NRS § 18.010(2)(b) and Nev. R. Civ. P. 11—not the court's inherent authority. Moreover,

5  the Court's inherent authority to sanction bad faith conduct supersedes Nevada's policy

6  of prohibiting an award of fees to attorneys representing themselves. Fee-shifting in the

7  context of sanctions "is not a matter of substantive remedy, but of vindicating judicial

8  authority." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991). Thus, the court's "inherent

9  power to tax fees for [sanctionable] conduct can[not] be made subservient to any state

10  policy." *Id.*; *see also Am. Home Assur. Co. v. Pope*, 487 F.3d 590, 606 n.7 (8th Cir.

11  2007) (noting that a federal court may be able to assess fees based on its inherent

12  power regardless of potentially contrary state law rule); *NASCO, Inc. v. Calcasieu TV &*

13  *Radio, Inc.*, 894 F.2d 696, 705-06 (5th Cir. 1990), *aff'd sub nom. Chambers v. NASCO,*

14  *Inc.*, 501 U.S. 32 (1991) ("[*Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)] does not compel

15  a federal court to tolerate abuses in diversity cases that the court would not tolerate in

16  other cases . . . ."); *Petrello v. White*, No. CV 01-3082 DRH AKT, 2011 WL 8198105, at

17  *4 (E.D.N.Y. Mar. 3, 2011), *report and recommendation adopted*, No. 01 CV 3082 DRH

18  AKT, 2012 WL 2803759 (E.D.N.Y. July 10, 2012) (first quoting *Tedeschi v. Smith*

19  *Barney, Harris Upham & Co.*, 579 F. Supp. 657, 660 (S.D.N.Y. 1984); then citing

20  *Republic of Cape Verde v. A & A Partners*, 89 F.R.D. 14, 20 n.12 (S.D.N.Y. 1980))

21  ("[F]ederal courts have concluded that state law 'does not supersede the inherent

22  equitable power of this Court.'"); *Parenteau v. Prescott Unified Sch. Dist.*, No. CV 07-

23  8072-PCT-NVW, 2010 WL 11515677, at *1 (D. Ariz. Jan. 12, 2010) (citing *Chambers*

24  approvingly for the proposition that inherent authority to sanction cannot be made

25  subservient to any state policy); *Interspiro USA, Inc. v. Figgie Int'l, Inc.*, 815 F. Supp.

26  1488, 1520 (D. Del. 1993), *aff'd*, 18 F.3d 927 (Fed. Cir. 1994) (citing *Chambers*) ("The

27  Court also notes in passing that the Court's inherent fee-shifting powers appear to be

28  ///

1 procedural in nature; hence, the Court might well have been free to award fees even if

2 the basis for jurisdiction in this case had been in diversity.").

3       Thus, the Court overrules Plaintiff's objection (ECF No. 139), adopts Judge

4 Cobb's R&R Regarding Sanctions (ECF No. 137), and grants Plaintiff's motions for

5 sanctions (ECF No. 97, 117).

6 **VI.    PLAINTIFF'S MOTION FOR JUDGMENT (ECF NO. 141)**

7       The Dismissal Order adopted Judge Cooke's recommendation finding that the

8 parties reached an agreement based on the terms presented in the Settlement

9 Agreement. (ECF No. 102.) Plaintiff now moves for entry of judgment to allow Plaintiff to

10 recover the amount that Defendant agreed to pay under the Settlement Agreement.

11 (ECF No. 141.) Defendant argues that because the Court dismissed this action with

12 prejudice, the Court lacks jurisdiction to adjudicate Plaintiff's motion. (ECF No. 142 at 2-

13 3.) However, the Court retained jurisdiction to resolve the parties' dispute as to the

14 settlement. (*See* ECF No. 55-9 at 15.) Moreover, the Court granted Plaintiff's motion to

15 enforce judgment and specifically indicated that ECF No. 92-1 "is deemed the operative

16 settlement agreement upon which judgment will be entered." (ECF No. 102 at 2.) The

17 Court should have been more specific in directing the Clerk to enter judgment in favor of

18 Plaintiff in the amount of the payment that defendant agreed to pay under the Settlement

19 Agreement.[5] The Court therefore will grant Plaintiff's motion to enter judgment.

20 **VII.    CONCLUSION**

21       The Court notes that the parties made several arguments and cited to several

22 cases not discussed above. The Court has reviewed these arguments and cases and

23 determines that they do not warrant discussion as they do not affect the outcome of the

24 motions and objections before the Court.

25

26     [5]The Court retains jurisdiction to correct clerical errors. *See Stein v. Wood*, 127
F.3d 1187, 1189 (9th Cir. 1997) ("A district court may, for example, retain jurisdiction to
correct clerical errors or clarify its judgment pursuant to Fed. R. Civ. P. 60(a)."); *see also*
27 *Brownlee v. Rommoro*, No. 1:14-CV-01990-LJO, 2015 WL 3843364, at *3 (E.D. Cal.
June 19, 2015) ("A court of general jurisdiction has power, even after final judgment, and
28 even during an appeal or habeas proceeding, to correct clerical errors.").

1    It is therefore ordered that the two reports and recommendations of Magistrate

2    Judge Cobb (ECF Nos. 135, 137) are adopted.

3    It is further ordered that the parties' objections (ECF Nos. 136, 139) are overruled.

4    It is further ordered that Plaintiff's motions for sanctions (ECF Nos. 97, 117) are

5    granted in part and denied in part as explained in Judge Cobb's R&R Regarding

6    Sanctions (ECF No. 137). The Court imposes sanctions in favor of Plaintiff and against

7    Defendant in the amount of $45,045. Defendant is ordered to pay Plaintiff this amount

8    within 30 days of entry of this order.

9    It is further ordered that Defendant's emergency motion to expunge lis pendens

10   (ECF No. 120) is granted.

11   It is further ordered that Plaintiff's motion to enter judgment (ECF No. 141) is

12   granted.

13   It is further ordered that the Clerk enter judgment in favor of Plaintiff and against

14   Defendant as follows: (1) the Settlement Amount of $161,000, with interest accruing at

15   the legal rate set forth in NRS § 17.130(2) commencing on July 27, 2017 (ECF No. 92-1

16   at 3, ¶ 1); and (2) the sanctions amount of $45,045.

17   DATED THIS 22nd day of February 2019.

18

19

20   MIRANDA M. DU
     UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28