UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEVERTY & ASSOCIATES LAW CHTD., | Case No. 3:17-cv-00175-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| RAY WARREN EXLEY, | |
| Defendant. | |

**I.  SUMMARY**

The Court's February 22, 2019, order ("Order") granted in pertinent part Defendant's motion to expunge lis pendens and imposed sanctions in favor of Plaintiff and against Defendant in the amount of $45,045. (ECF No. 144.) The parties have appealed the Court's Order, but the appeal does not stay the Court's Order. (ECF Nos. 147, 150.) As has been the parties' pattern, they filed two separate motions for orders to show cause as to why sanctions should not be imposed for the opposing party's failure to comply with the Court's Order. In particular, Defendant's motion seeks sanctions against Plaintiff for refusing to record the Order to expunge the lis pendens (ECF No. 155); Plaintiff's motion seeks sanctions for Defendant's failure to pay the sanctions awarded (ECF No. 158).[1] The Court grants both motions.

**II.  DEFENDANT'S MOTION (ECF NO. 155)**

The Court's Order granted Defendant's earlier motion that the lis pendens recorded by Plaintiff be expunged (ECF No. 120 at 9). (ECF No. 144 at 4.) In doing so, the Court rejected similar arguments to those that Plaintiff now asserts as to why Plaintiff has failed to take action to expunge the lis pendens—lack of standing (ECF No. 156 at

---

[1] The Court has reviewed the parties' briefs relating to these two motions. (ECF Nos. 156, 157, 159, 160.)

1  5-6) and Defendant's fraudulent conduct—albeit slightly differently this time (that Defendant has failed to pay the sanctions award) (*id.* at 7-9). (ECF No. 144 at 3.) Plaintiff further argues that the Order did not direct Plaintiff to do take any action to expunge the lis pendens and did not set a deadline for Plaintiff to do so. (ECF No. 156 at 3-4.) The Court does not find its Order to be confusing. Nonetheless, the Court clarifies that Plaintiff is directed to remove the lis pendens that Plaintiff recorded within 7 days from the date of entry of this order and file proof of the same.

**III.     PLAINTIFF'S MOTION (ECF NO. 158)**

Defendant does not deny his failure to pay the sanctions award, but argues that the remedy is for Plaintiff to seek to enforce the judgment, not to seek further sanctions. (ECF No. 159 at 5-6.) The Court agrees with Plaintiff that Defendant's failure to pay violates the Court's Order, which is not the same as failure to pay a judgment. Accordingly, Plaintiff's motion is granted. Defendant is ordered to show cause as to why the Court should not sanction Defendant for violating the Court's Order.

**IV.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the pending motions.

It is therefore ordered that Defendant's motion for order to show cause (ECF No. 155) is granted. Plaintiff is directed to remove the lis pendens that Plaintiff recorded within 7 days from the date of this order and file proof of the same.

///
///
///
///
///
///

It is further ordered that Plaintiff's motion for order to show cause (ECF No. 158) is granted. Defendant is ordered to show cause as to why the Court should not sanction Defendant for violating the Court's Order directing Defendant to pay Plaintiff the amount of $45,045 within 30 days from entry of the Order. Defendant's response is due within 30 days of the date of entry of this order. Plaintiff will then have 15 days to respond.

DATED THIS 27th day of December 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE